```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------
 UNITED STATES OF AMERICA     |
                              |
      -v-                     |    99-cr-1159 (JSR)
                              |
 LEONARD JOHNSON,             |    MEMORANDUM ORDER
                              |
           Defendant.         |
------------------------------
```

JED S. RAKOFF, U.S.D.J.:

Before the Court is Defendant Leonard Johnson's motion for sentence modification under 18 U.S.C. § 3582(c). Johnson is serving concurrent sentences totaling approximately 48 years for two separate cases. First, on July 20, 1999, Johnson received an aggregate sentence of 360 months' incarceration stemming from convictions on federal bank robbery and firearms charges in the Eastern District of North Carolina. See United States v. Johnson, 5:98-cr-185 (E.D.N.C.). Second, on September 28, 2000, this Court sentenced Johnson to sentences of 240 months and 274 months for two bank robbery crimes, to be served concurrently with each other and with the North Carolina sentence, followed by a consecutive 25-year sentence for brandishing a firearm in violation of 18 U.S.C. § 924(c). The Court's sentence on Johnson's section 924(c) charge was required by the mandatory minimum and sentencing "stacking" provision in effect at the time of his conviction. The federal Bureau of Prisons calculates Johnson's

1

scheduled release date as September 20, 2047.[1] Johnson has therefore served approximately 23 of the 48 years to which he was sentenced by this Court.

Johnson seeks modification of his sentence imposed in this case under the so-called "compassionate release" statute. Johnson argues that relatively recent amendments to the mandatory minimum sentencing provision associated with section 924(c) constitute an extraordinary and compelling circumstance warranting reduction of his sentence.

The Court has carefully reviewed Johnson's well written pro se motion, ECF 75 ("Pro Se Mot."); the supplemental briefing of his appointed counsel, ECF 78 ("Mot."); and the Government's opposition thereto, ECF 79 ("Opp."), as well as the parties' helpful presentations at oral argument. In a previous case, the Court concluded that the elimination of section 924(c) "stacking" can alone suffice to create an extraordinary and compelling condition warranting modification of a sentence imposed under the prior version of that statute. See United States v. Ballard, 2021 WL 3285009, at *4-*5 (S.D.N.Y. Aug. 2, 2021). The Court here concludes that the amendment of section 924(c) similarly gives rise to an extraordinary and compelling circumstance in this case and warrants granting Johnson's motion for sentence reduction. However, there are particular aspects of Johnson's history of violence -- particularly his attempt to viciously attack the Assistant United

---

[1] See Bureau of Prisons Inmate Locator, available online at https://www.bop.gov/inmateloc.

States Attorney appearing at his sentencing hearing before this Court -- that limit the extent of reduction that the Court deems to be appropriate.

Accordingly, the Court grants Johnson's motion and reduces his sentence on the section 924(c) brandishing charge to 146 months, to be served consecutively to the 274-month sentence on the bank robbery charges. The total 420-month sentence will be served concurrently with the North Carolina sentence, so Johnson will still serve a total of approximately 35 years in prison.

I.  **Legal Standard**

District courts are authorized to modify a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The now-familiar standard requires the Court to "ask four questions: (1) has the defendant complied with the administrative exhaustion requirement, (2) has the defendant shown extraordinary and compelling reasons warranting a sentence reduction, (3) are the 18 U.S.C. § 3553(a) sentencing factors consistent with a lesser sentence than that previously imposed, and (4) is there a particular sentence reduction consistent with the § 3553(a) factors that is also warranted by extraordinary and compelling reasons." United States v. Garcia, 505 F. Supp. 3d 328, 331 (S.D.N.Y. 2020).[2] In United States v. Brooker, the Second Circuit held that the compassionate release statute, as revised by the First Step Act, vests district

---

[2] Unless otherwise indicated, all internal alterations, omissions, emphases, citations, and quotation marks are omitted from all sources cited herein.

courts with the discretion to determine what facts amount to "extraordinary and compelling reasons" justifying release, when (as now) the Sentencing Commission has issued no on-point regulation defining that phrase and the existing Guidelines "now apply[] only to those motions that the BOP has made." 976 F.3d 235 (2d Cir. 2020). However, "[a]lthough the policy statements and application notes are no longer applicable post-Brooker, they are instructive." Garavito-Garcia v. United States, 2021 WL 2525037, at *4 (S.D.N.Y. June 21, 2021).

## II. Background

The Court assumes the parties' familiarity with the factual and procedural background of this case but sets forth those facts that form the basis of the Court's decision on this motion.

### A. Crimes

Johnson's conviction before this Court stems from an armed robbery of New York National Bank that he committed in New York City on August 10, 1998. Opp. 1. Johnson entered the bank, passed the teller a note stating "This is a stick up, hand over the money and no one will be hurt or shot, don't push no under counter buttons." Id. He then placed a handgun on the money tray area. The teller handed Johnson approximately $4,100. Id. No one was hurt. The teller later picked out Johnson from a photo array, and the fingerprints on the demand note were matched with fingerprints gathered from an earlier arrest of Johnson. Id. at 2.

4

On August 26, 1998, Johnson robbed a bank in North Carolina with two other men. Pro Se Mot. 2-3. Again, no one was hurt. The men were arrested after the police stopped Johnson's vehicle. Id. at 3. He pled guilty to two federal armed bank robbery charges and one section 924(c) firearm charge. Id.

On the New York charges, Johnson went to trial before this Court and, on April 5, 2000, he was convicted by a jury on all three counts.

### B. The Razor Blade Incident

The trial in this Court began on April 3, 2000. On April 5, as Johnson was being produced from Metropolitan Correctional Center to the courthouse for the reading of the verdict "it was learned that Johnson had secreted a metal object (razor) inside his anus." Opp. 2. X-rays confirmed that an object similar to a single edge box cutter blade was lodged in his lower torso cavity. Id. Johnson reportedly told a corrections officer after the incident that he had attempted to bring the razor into the courthouse to "do the DA and the ADA" who had caused his arrest. Id.

At sentencing, the Court stated on the record that it would have given a sentence of 12 months less in total "but for the razor blade situation." See Sentencing Tr. at 28.

### C. Incarceration

Two aspects of Johnson's incarceration are relevant to the instant motion. First, Johnson has had a mixed disciplinary record in prison, with several assault and weapon possession citations in his earlier years. However, his record over the last decade represents a

5

substantial improvement, with only three disciplinary incidents in the last decade. See Pro Se Mot. 35; Ex. D. to Pro Se Mot. He has taken over 100 post-sentencing rehabilitation programs. Mot. 14.

Second, Johnson suffers from significant prostate problems that have left him reliant on a Foley catheter since 2018. He has worn diapers at night for years and has accidents during the day. Johnson also avers that he suffers from significant pain, including one instance in which pain led to his collapse, injury, and hospitalization. Mot. 15-16. Johnson does not claim that his medical problems would alone justify granting his motion, but he argues that the Court should consider his medical situation as relevant to whether extraordinary and compelling circumstances exist and regarding the appropriate reduction of his sentence.

### III. Analysis

The Government does not dispute that Johnson has satisfied the exhaustion requirement, since he submitted an administrative request to the BOP on May 20, 2021 and filed the instant motion more than 30 days later on July 23, 2021. Opp. 3. Therefore, Johnson's motion turns on whether there are extraordinary and compelling reasons warranting reduction of his sentence and what reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553.

#### A. Extraordinary and Compelling Circumstance

At the time of the original sentencing before the Court, Johnson had earlier been convicted on a section 924(c) charge in the North Carolina case, as a result of which this Court was required under the

6

then-applicable law to impose a 25-year mandatory minimum sentence to run consecutively to all other sentences. See Deal v. United States, 508 U.S. 129 (1993). Furthermore, Johnson was convicted before the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), so the Court was constrained to treat the applicable Sentencing Guidelines as mandatory. These two factors combined to require the Court to impose a 48-year sentence, which is more than the Court would have imposed if it had not been so bound by the existing law.

Since Johnson's conviction, both of these legal regimes have changed. Not only have the Guidelines been held discretionary, but, in 2018, Congress passed, and the President signed, the First Step Act, 502 Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The First Step Act eliminated the provision requiring "stacking" of mandatory minimum sentences for multiple convictions under section 924(c). As applicable here, the current version of 18 U.S.C. § 924(c) only requires a twenty-five year mandatory minimum sentence for a second section 924(c) conviction if the offense giving rise to the second conviction was committed after entry of the judgment of conviction for a prior section 924(c) offense. See United States v. Davis, 139 S.Ct. 2319, 2324 n. 1 (2019). Had the current version of the statute applied at the time of Johnson's conviction before this Court, the Court would still have had to impose Johnson's section 924(c) sentence consecutive to his sentence on the bank robbery charges, but the section 924(c) component could have been as short as

7

seven years, rather than the twenty-five years he received. See 18 U.S.C. § 924(c)(1)(A)(ii).

As mentioned, this Court already held in United States v. Ballard that "the First Step Act's dramatic change to the statutory scheme under which Ballard was sentenced is, alone, sufficient to justify granting his motion for sentence reduction." 2021 WL 3285009, at *5. While Ballard concerned section 924(c) sentence "stacking" for convictions arising from a single indictment, the underlying change in the law is the same, and the Court concludes the same reasoning applies where the "stacked" section 924(c) sentences arose from separate indictments. The Court thus holds that the First Step Act's amendment to section 924(c)'s sentencing requirements amounts to an extraordinary and compelling condition that justifies granting Johnson's motion for sentence modification.[3]

### B. Section 3553(a) Sentencing Factors

Under 18 U.S.C. § 3582(c)(1)(A), once a defendant has exhausted administrative remedies and been found to have extraordinary and compelling reasons for a sentence reduction, the Court may modify his term of imprisonment after determining what reduction would be consistent with the sentencing factors set forth in 18 U.S.C. §

---

[3] Although Johnson makes additional arguments on this point, such as addressing his medical situation, the Court need not address those issues, since the change in underlying law suffices to grant his motion.

3553(a). The Court's section 3553(a) analysis in this case focuses on three issues.

First is Johnsons' history of violence. Johnson stresses that no one was hurt in any of his bank robberies. That is a fortunate occurrence, but one that bears limited weight. He chose to use firearms in the commission of these offenses, and so the lack of injuries or deaths is as much a function of luck and the reactions of others as of Johnson's own intentions.

In addition to his charged crimes, however, the Court must consider Johnson's attempt at trial to commit violence in this very courthouse. Had the U.S. Marshals producing him to the courthouse not acted with diligence and discovered the razor blade that Johnson had hidden in his body, Johnson very well could have murdered an Assistant U.S. Attorney or others in the courtroom. This conduct exhibited Johnson's disregard for human life and for the law. Even two decades later, this incident remains fresh in the Court's mind, and it cannot be overlooked. While the Court remarked at sentencing that it imposed one additional year as a consequence of Johnson's attempted attack in the courtroom, that conclusion was based in part on the fact that Johnson's sentence was already extremely long. Had Johnson been subject to a shorter sentence, the Court would have imposed more than 12 additional months for this incident.

As for Johnson's current medical situation, his problems are unfortunate, and they weigh in Johnson's favor. But their effect is

9

ultimately limited, because he has not shown that he currently requires medical care that he is unable to receive in prison.

Finally, the Court considers Johnson's record of rehabilitation in prison. Here, the record is mixed. Johnson's has been sanctioned more than a dozen times during his incarceration, most recently in 2018 for assault of another inmate. See ECF 79-2 (disciplinary record). Nonetheless, Johnson's record does reflect substantial improvement, and he has completed a more than 100 rehabilitation programs. Mot. 14.

IV. **Conclusion**

Considering all these factors, as well as Johnson's offense conduct, the Court concludes that a total sentence of 35 years is appropriate and reduces Johnson's sentence accordingly. Therefore, the sentence for Johnson's section 924(c) brandishing charge is reduced to 146 months, which shall be served consecutively to the 274-month sentence on the bank robbery charges. The total 420-month sentence will be served concurrently with the North Carolina sentence. All other aspects of Johnson's sentence remain unchanged.

SO ORDERED.

New York, NY
February 7, 2022

_____
JED S. RAKOFF, U.S.D.J.

10